MODISETT *v.* The GOVERNOR, on the relation of WILLIAMS,

If satisfaction of a judgment be entered by a justice of the peace on his docket, he and his sureties are liable for the amount to the judgment-creditor; no matter for what consideration the satisfaction was entered, unless the creditor was a party to the arrangement.

On the docket of justice *A.*, which, for some reason not shown, was in justice *B.'s* hands, there was a receipt purporting to be signed by *B.* of a judgment there entered: *Held,* that the receipt was not admissible as evidence against *B.*, without proof of his having executed it.

APPEAL from the *Vigo* Circuit Court.

HOLMAN, J.—Scire facias against *Graham*, a justice of the peace, and *King* and *Modisett* his sureties; charging that *Graham*, as a justice of the peace, had collected the amount of several judgments entered in favour of *Mark Williams* on the docket of *Joel Downey*, a late justice of the peace, deposited with said *Graham;* and had failed to pay the money over to the said *Williams*. *Modisett* pleaded severally, that *Graham* had not received the said sums of money, and neglected and failed to pay the same, as charged in the declaration. On which plea, the plaintiff joined issue. Verdict and judgment for the plaintiff.

On the trial, as appears by a bill of exceptions, the defendant offered in evidence the declarations of *Williams,* that *Graham* had never received any money as charged in the declaration; and also offered to prove that the judgments of *Williams* against *King*, the amount of which the plaintiff claimed in this action, had been entered satisfied, not by a payment in money, but by *King's* promissory note. But the Circuit Court rejected this evidence; being of opinion that, unless it was made to appear that a combination had been entered into by *Williams*, *Graham*, and *King*, to defraud the defendant, this evidence could not go to the jury. This decision was correct. When a judgment of a justice of the peace is regularly entered satisfied, the plaintiff, in order to obtain his money, must resort to the justice. He cannot take out execution on the judgment after satisfaction is entered on the docket, notwithstanding he might know that the satisfaction had been entered

without a payment of the money. The official entry on the docket is conclusive against the justice and his sureties, and the plaintiff has a right of action against them for his money, without any reference to the manner in which the judgment has been satisfied. If *Williams* had assented to such a discharge of his judgment, or had in any way combined with *Graham* or *King*, for the purpose of rendering *Modisett* liable for the amount of the judgments, such facts might have been shown in the defence. But the evidence here offered goes only to the knowledge of *Williams* that no money was paid, and does not pretend to show that he assented to, or was in any way concerned in, the transaction. The evidence was therefore properly rejected.

Another bill of exceptions states, that the plaintiff offered in evidence, to support the issue on his part, a paper reputed to be the docket of justice *Downey*, appearing to be signed by said *Downey* as such justice, and containing certain reputed receipts of justice *Graham;* after having only proved that the said docket, in the possession of said *Graham*, appeared to be signed by said *Graham*, as such justice; without having proved any licence to intermeddle with the judgments upon said docket, according to the act of assembly in such case made and provided, or any other authority; and without having proved that *Graham* wrote said receipts, or that the same were in his hand-writing. To the admission of which paper in evidence, the defendant objected; but the Circuit Court overruled the objection, and permitted it to go as evidence to the jury. These reputed receipts of *Graham* were not admissible as evidence without proof of their execution. And we consider the expressions in this bill of exceptions, though somewhat obscure, as showing that there was no proof of their execution. The language of the bill is that they were admitted in evidence, without any proof that they were written by *Graham*, or were in his hand-writing. Their being on a paper, reputed to be the docket of another justice of the peace, which was found in *Graham's* possession, cannot alter their character, unless it was shown that *Graham* had authority to intermeddle with the judgments on that docket; and as it is said that no such authority was shown, the receipts must stand as if they were on any other paper; and their execution should have been proved before

they were admitted as evidence.  The Circuit Court, therefore, acted incorrectly in admitting this reputed docket, containing these reputed receipts, to go in evidence to the jury.

. *Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs.  Cause remanded, &c.

*Tabbs,* for the appellant.

*Dewey,* for the appellee.